MISC. 05 0103

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FEDERAL TRADE COMMISSION,                )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )        Civil Action No. PJM 03-3317
                                         )
AMERIDEBT, INC., et al.,                 )
                                         )
        Defendants.                      )
                                         )

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

MAY 16 2005 ★

LONG ISLAND OFFICE

HURLEY, J.

## PRELIMINARY INJUNCTION ORDER
## WITH ASSET FREEZE, APPOINTMENT OF A RECEIVER,
## REPATRIATION OF ASSETS, AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), having filed its Motion for

Preliminary Injunction Including Asset Freeze, Accounting, and Repatriation of Assets against

Defendants Andris Pukke and DebtWorks, Inc., pursuant to Fed. R. Civ. P. 65 and Section 13(b) of

the Federal Trade Commission Act, 15 U.S.C. § 53(b), and the Court having considered all pleadings,

memoranda of law, and exhibits concerning this matter, and having heard oral argument, and now being

fully advised in the premises, finds that:

### FINDINGS

1.      This Court has jurisdiction over the subject matter of this case and over all parties, and

venue in this district is proper.

2.     The Commission has shown it is likely to succeed on the merits of its claims that

Defendants Andris Pukke and DebtWorks, Inc. have violated Section 5(a) of the FTC Act, 15 U.S.C.

§ 45(a).

3.     The Commission has shown that an immediate asset freeze, accounting, repatriation of

assets, and appointment of a receiver will increase the likelihood of preserving existing assets, pending

final determination of this matter.

4.     There is a possibility that, absent an asset freeze, Defendants Andris Pukke and

DebtWorks, Inc., and others pursuant to their direction, on their behalf, or under their control, will

transfer, conceal, dissipate, or otherwise divert their assets, thereby defeating the possibility of effective

final relief in the form of equitable monetary relief for consumers.

5.     The Commission has shown that Defendant Andris Pukke has transferred money from

the United States, and that repatriation of Defendant Andris Pukke's funds to the United States will

increase the likelihood of providing for effective final relief.

6.     Good cause exists for appointing a Receiver for the Receivership Property.

7.     The balance of the equities tips in favor of the Commission, and entry of this Order is in

the public interest.

8.     No security is required of any agency of the United States for issuance of a preliminary

injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A.    "AmeriDebt Trustee" means Mark D. Taylor, the trustee appointed over AmeriDebt,

Inc. in *In re AmeriDebt,* Case No. 04-23649-PM (Bankr. D. Md.).

B.    "Assets" means any legal or equitable interest in, right to, or claim to, any real or

personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general

intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts,

receivables, shares of stock, interest in any trust, and all cash, wherever located, and shall include both

existing Assets and Assets acquired after the date of entry of this Order. Further, the definition of

Assets shall include all books, records, computer files, databases and other information that may be

utilized to determine the existence of Assets, liabilities, or the location of property.

C.    "DebtWorks" means DebtWorks, Inc., and its successors and assigns, whether acting

directly or indirectly or through any other corporation, subsidiary, division, or other device.

D.    "Defendants" means Andris Pukke and DebtWorks.

E.    "Financial Institution" means any bank, savings and loan institution, credit union, or any

financial depository of any kind, including but not limited to any brokerage house, trustee, broker-

dealer, escrow agent, title company, or commodity trading company.

F.    The term "including" in this Order shall mean "without limitation."

G.    The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively

as necessary, to make the applicable phrase or sentence inclusive rather than exclusive.

H.    *"Polacsek* Class Representatives" means Alyssa Polacsek, Sarah Leoni, Greg

Cavataio and Felicia Robinson, and counsel to the class appointed by Order of the Court dated

November 4, 2004, in *Polacsek, et al. v. Debticated Consumer Counseling, Inc., et al.*, Civil

Action No. 8:04-cv-0631 PJM.

      I.     "Pukke" means Andris Pukke, individually and as the owner of DebtWorks, whether

acting directly or indirectly or through any corporation or other device.

      J.     "Receiver" shall mean the receiver appointed in Paragraph VI of this Order and any

deputy receivers that may be named by the receiver.

      K.     "Receivership Property" means any Assets, wherever located, that are (1) owned,

controlled or held by or for the benefit of Pukke or DebtWorks, in whole or in part; (2) in the actual or

constructive possession of Pukke or DebtWorks; (3) held by an agent of Pukke or DebtWorks,

including as a retainer for the agent's provision of services to either or both of them; or (4) owned,

controlled or held by, or in the actual or constructive possession of, or otherwise held for the benefit of,

any corporation, partnership, trust, or other entity directly or indirectly owned or controlled by either

Pukke or DebtWorks, including The P Family Trust, The P II Family Trust, and The Pukke 2002

Family Irrevocable Trust.

## ORDER

### I.   ASSET FREEZE

      IT IS HEREBY ORDERED that Defendants Pukke and DebtWorks, their successors and

assigns, and their officers, agents, servants, employees, affiliates, and attorneys, and all persons in active

concert or participation with them who receive actual notice of this Order by personal service or

otherwise, whether acting directly or indirectly or through any corporation, subsidiary, division, trust, or

other device, are hereby restrained and enjoined from:

A.     Transferring, liquidating, converting, loaning, gifting, encumbering, selling, concealing, pledging, hypothecating, assigning, spending, withdrawing, disbursing, conveying, dissipating, or otherwise disposing of any funds, property, shares of stock, interest in any trust, or other Assets, or any interest therein, wherever located, that are (1) owned, controlled or held by, or for the benefit of Pukke or DebtWorks, in whole or in part; (2) in the actual or constructive possession of Pukke or DebtWorks; (3) held by an agent of Pukke or DebtWorks, including as a retainer for the agent's provision of services to either of them; or (4) owned, controlled or held by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, trust, or other entity directly or indirectly owned or controlled by either Pukke or DebtWorks, including The P Family Trust, The P II Family Trust, and The Pukke 2002 Family Irrevocable Trust;

B.     Opening or causing to be opened any safe deposit box, commercial mail box, or storage facility (1) titled in the name of Pukke or DebtWorks, or any corporation, partnership, or other entity directly or indirectly owned or controlled by either Pukke or DebtWorks, or (2) subject to access by Pukke or DebtWorks, or any corporation, partnership, or other entity directly or indirectly owned or controlled by either Pukke or DebtWorks; and

C.     Incurring charges or cash advances on any credit or debit card issued in the name, singly or jointly, of Pukke or DebtWorks, or any corporation, partnership, or other entity directly or indirectly owned or controlled by either Pukke or DebtWorks.

***Provided however***, that, notwithstanding the asset freeze provisions of Sub-parts A-C above, nothing in this Order shall (1) prohibit Defendant Pukke from seeking gainful employment not related to the activities described in the Complaint; (2) prohibit Defendant Pukke from paying, from income

earned through such employment, for reasonable and necessary living expenses and reasonable

attorneys' fees, or from other funds, after written prior approval by the Receiver or by the Court; or

(3) prohibit Defendant DebtWorks from paying for reasonable attorneys' fees, after written prior

approval by the Receiver or by the Court. ***Provided further***, that no living expenses or attorneys' fees

shall be paid from Assets subject to this Order unless and until the Receiver or the Court has

determined that Defendants Pukke and DebtWorks have completed and provided the accountings

required by Paragraphs II and IV of this Order.

## II.  ACCOUNTING

IT IS FURTHER ORDERED that each Defendant shall:

A.        Within ten (10) business days following service of this Order, provide to the Receiver,

the Commission, the AmeriDebt Trustee, and counsel for the *Polacsek* Class Representatives a full

accounting, verified under oath and accurate, of all Assets that are held, jointly or singly: (1) by them;

(2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect

control.  Such accounting shall include the names, addresses, and telephone numbers of all Financial

Institutions or other entities or persons holding such Assets, the name of the account representative, and

the account numbers and balances.  The accounting shall include all financial information as requested

in, and be submitted in the form of, the Department of Treasury - Internal Revenue Service Collection

Information Statement for Individuals (Form 433-A, located at www.irs.gov/pub/irs-pdf/f433a.pdf, for

Pukke) and the corresponding Collection Information Statement for Businesses (Form 433-B, located

at www.irs.gov/pub/irs-pdf/f433b.pdf, for DebtWorks).

B.      Within ten (10) business days following service of this Order, provide to the Receiver,

the Commission, the AmeriDebt Trustee, and counsel for the *Polacsek* Class Representatives a

completed statement, verified under oath and accurate, of all payments, transfers, or assignment of

Assets made by Defendants, in the amount of $10,000 or more, since May 17, 2002.  Such statement

shall include (a) the amount transferred or assigned; (b) the name, address and telephone number of the

transferor or assignor; (c) the name, address and telephone number of each transferee or assignee;

(d) the date of the assignment or transfer; (e) the type and amount of consideration for any payment;

and (f) the method of transfer, *e.g.*, wire transfer, and the name and address of the entity or person

directing or accomplishing the transfer.

C.      Within ten (10) business days of any material change in the information contained in the

financial statements required above, or any other material change to the financial condition of a

Defendant, provide the Receiver, the Commission, the AmeriDebt Trustee, and counsel for the

*Polacsek* Class Representatives with an amended financial statement to reflect such change.

### III.   CONSUMER CREDIT REPORTS

IT IS FURTHER ORDERED that pursuant to Section 604(1) of the Fair Credit Reporting Act,

15 U.S.C. §1681b(1), any consumer reporting agency may furnish a consumer report concerning

Defendants DebtWorks or Pukke.

### IV.   FOREIGN ASSET REPATRIATION

IT IS FURTHER ORDERED that within ten (10) business days following service of this Order,

Defendants shall:

A.     Transfer to the United States all Assets outside the United States held, jointly or singly: (1) by them; (2) for their benefit; (3) in trust by them or for them individually or jointly; or (4) under their direct or indirect control, including any Assets held in The P Family Trust and The P II Family Trust.

B.     Provide the Receiver, the Commission, the AmeriDebt Trustee, and counsel for the *Polacsek* Class Representatives with a full accounting, verified under oath and accurate, of all Assets outside of the territory of the United States that are held, jointly or singly: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control. Such accounting shall include the names, addresses, telephone numbers, and facsimile numbers of all Financial Institutions or other entities or persons holding such Assets, along with the account numbers and balances.

C.     On the same business day as any transfer under Paragraph IV.A. above, notify the Receiver, the Commission, the AmeriDebt Trustee, and counsel for the *Polacsek* Class Representatives, of the names, addresses, telephone numbers, facsimile numbers, and account representatives of all Financial Institutions or other entities that are the recipients of such Assets.

D.     Hold and retain all repatriated Assets and prevent any transfer, disposition, or dissipation whatsoever of any such Assets, except that Pukke may pay for reasonable and necessary living expenses and reasonable attorneys' fees, after written prior approval by the Receiver or the Court, and except as specifically provided in this order.

E.     Provide the Receiver and the Commission full and complete access to Defendants' records and documents held by Financial Institutions outside of the territorial United States, by signing

and delivering to the Receiver and the Commission the Consent to Release of Financial Records attached to this Order as Attachment A.

## V.   NONINTERFERENCE WITH REPATRIATION

IT IS FURTHER ORDERED that Defendants Pukke and DebtWorks, their successors and assigns, and their officers, agents, servants, employees, affiliates, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by the preceding Paragraph of this Order, including, but not limited to:

A.       Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to Paragraph IV of this Order;

B.       Notifying any trustee, trust protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Paragraph IV of this Order.

## VI.   APPOINTMENT OF RECEIVER

IT IS FURTHER ORDERED that Robb Evans and Associates, LLC, Sun Valley, California is appointed receiver ("Receiver") to marshal, conserve, protect, and operate Receivership Property,

wherever such Assets may be found, and, with the approval of the Court, dispose of any wasting Assets of Defendants Pukke and DebtWorks.

    A.    The Receiver shall have the following powers and duties to fulfill its obligations:

    1.    Use reasonable efforts to determine the nature, location, and value of all Receivership Property;

    2.    Take custody, control, and possession of Assets constituting Receivership Property;

    3.    Conserve, hold, and manage all Assets constituting Receivership Property, pending further order of this Court;

    4.    Engage and employ, with the approval of the Court, accountants and money managers ("Retained Professionals"). The Receiver may employ without the approval of the Court other individuals or entities that the Receiver deems necessary to assist it in its duties in the ordinary course of the receivership's business, including, but not limited to, out of state counsel, foreign attorneys and accountants, realtors, appraisers and auctioneers ("Ordinary Course Professionals and Vendors") (collectively, the "Retained Personnel"). The Receiver may compensate the Ordinary Course Professionals and Vendors in the ordinary course but may, in its discretion, seek the approval of the Court in advance of approving payments to such persons. The Retained Professionals may only be compensated pursuant to order of the Court;

    5.    Take such action as the Receiver deems appropriate to prevent the dissipation or concealment of any Assets constituting Receivership Property and otherwise preserve any such Assets;

6.    Oversee the operations of any and all businesses owned or controlled by Defendants or otherwise constituting a part of the Receivership Property;

7.    Bring such legal actions based on law or equity in any state, federal, or foreign court as it deems necessary or appropriate in discharging its duties as Receiver relating to the location, marshaling and management of Assets constituting Receivership Property, and enforcement of this Order; and

8.    Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency. So long as the Receiver agrees to be bound by the protective order in this case, titled Stipulated Order Regarding Confidentiality of Discovery Materials and entered on November 10, 2004, the FTC and the Receiver may exchange information deemed confidential under the protective order.

B.    The Receiver is entitled to reasonable compensation and expense reimbursement from the Receivership Property. Such compensation shall be in amounts commensurate with the services performed by the Receiver and shall be subject to the approval of the Court. The Receiver and the Retained Professionals shall apply to the Court for such compensation and expense, and such amounts shall be paid from the Assets constituting Receivership Property, and any extensions, renewals or modifications thereof.

C.    The Receiver shall be required to file with the Clerk of the Court a receiver's bond in the sum of $50,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. The FTC reserves the right to ask the Court to increase the amount of the bond.

D.      The Receiver and Retained Personnel are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by the Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

E.      The Receiver shall establish one or more bank account(s), in its discretion, to deposit Defendants' frozen funds and any other funds the Receiver may recover.  The Receiver shall use such funds for any legitimate purpose consistent with the Receiver's powers and duties and this Order, including paying fees and expenses of the Receiver and Retained Personnel, as approved by the Court.

## VII.   COOPERATION WITH RECEIVER

IT IS FURTHER ORDERED that Defendants and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of Receivership Property.  This cooperation and assistance shall include, but not be limited to: providing information to the Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; advising all persons who owe money to the Defendants that all debts should be paid directly to the Receiver; transferring funds at the Receivers' direction; and producing records related to the assets and sales of the Receivership Property.  The entities obligated to cooperate with the Receiver under this

provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers and other Financial Institutions and depositories of any kind, and all third-party billing agents, common carriers, and other telecommunications companies, that have transacted business with Defendants.

## VIII.   DELIVERY OF RECEIVERSHIP PROPERTY

IT IS FURTHER ORDERED that:

A.    Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Defendants or any other person or entity shall transfer or deliver possession, custody, and control of the following to the Receiver:

1.    All Receivership Property;

2.    All documents of the Receivership Property, including but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), title documents and other papers; and

3.    All keys, codes and passwords necessary to gain or to secure access to any Assets constituting Receivership Property;

*Provided, however,* that this provision does not apply to any Assets in the possession, custody, or control of the AmeriDebt Trustee.

B.    In the event any person or entity fails to deliver or transfer any Receivership Property or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize,

without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the Receivership Property or document, or other thing, and to deliver it to the Receiver.

### IX.    RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES

IT IS FURTHER ORDERED that any Financial Institution, other entity or person served with a copy of this Order shall:

A.    Hold and retain, except as specifically provided in this order, within such financial institution's, other entity's or person's control, and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any Assets held by or under such financial institution's, other entity's or person's control:

1.    on behalf of, or for the benefit or use of, any Defendant;

2.    in any account maintained in the name of, or subject to withdrawal by, any Defendant; or

3.    that are subject to access or use by, or under the signatory power of, any Defendant.

B.    Deny access to any Defendant to any safe deposit boxes, commercial mail boxes or storage facilities that are:

1.    titled in the name, individually or jointly, of any Defendant;

2.    subject to access by any Defendant; or

      3.      held for the beneficial interest of any Defendant.

   C.     Provide to the Receiver, within five (5) business days, a statement setting forth:

      1.     the identification of each account or asset titled in the name of, individually or jointly, or held on behalf of, or for the benefit or use of, any Defendant, whether in whole or in part, or to which any Defendant is a signatory;

      2.     the balance of each such account, or a description of the nature and value of such asset;

      3.     the identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name of, individually or jointly, or is otherwise subject to access or control by, any Defendant, whether in whole or in part;

      4.     if the account, safe deposit box, or other asset has been closed or removed, or more than $1,000 withdrawn or transferred from it within the last ninety (90) days, the date of the closure or removal of funds, the balance on said date, and the name and account number of the person or entity to whom such account, funds, or other asset was remitted; and

      5.     upon the request of the Receiver, such statement shall be accompanied by the account statement for every full or partial month the account has been open and by copies of: (i) every wire transfer statement for every wire transfer sent to or received by such account and (ii) all checks for more than One Thousand Dollars ($1,000.00 USD).

   D.     Allow the Receiver or its counsel to inspect and copy, or upon the Commission's or the AmeriDebt Trustee's request, promptly provide the Commission's or the AmeriDebt Trustee's representatives with copies of, any records or other documents pertaining to any such account or asset,

including but not limited to originals or copies of account applications, corporate resolutions, account statements, wire transfer applications or receipts, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit logs.

E.      The Assets subject to this Paragraph include existing assets and assets deposited after the effective date of this Order.  This Paragraph shall not prohibit transfers in accordance with provisos (2) and (3) that follow Paragraph I.C. of this Order, Paragraph IV.A. of this Order, or any further order of the Court.

## X.   NONINTERFERENCE WITH RECEIVER

IT IS FURTHER ORDERED that all clients and vendors of Defendants, creditors, and other persons, and all others acting on behalf of any such client, vendor, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees, and attorneys, are stayed from:

A.      Commencing, prosecuting, continuing or enforcing any suit or proceeding against or affecting Defendants or any other part of the Receivership Property, except that such actions may be filed to toll any statutes of limitations;

B.      Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any portion of the Receivership Property, including, without limitation, any property owned by or in the possession of Defendants or the Receiver, wherever situated;

C.    Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with Defendants, or any entity controlled by Defendants, or otherwise affecting Receivership Property;

D.    Doing any act to interfere with the taking control, possession, management, or sale by the Receiver, of any portion of the Receivership Property, or to in any way interfere with or harass the Receiver, or to interfere in any manner with the exclusive jurisdiction of the Court over the Receivership Property.

*Provided, however,* this provision shall not be construed to restrict:

1.    The commencement or continuation of a criminal action or proceeding;

2.    The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power, including this action;

3.    The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

4.    The continuation of *In re AmeriDebt,* Case No. 04-23649-PM (Bankr. D. Md.), or the commencement and continuation of any suit or proceeding filed by the AmeriDebt Trustee; or

5.    The continuation of *Polacsek, et al. v. Debticated Consumer Counseling, et al.,* Case No. 04-CV-00631-PJM (D. Md.).

## XI.  RECEIVER'S REPORTS

IT IS FURTHER ORDERED that:

A.      Within ninety (90) days of its appointment as Receiver, or such longer time as the Court

may approve, the Receiver shall file a preliminary inventory and estimate of value of all Receivership

Property.  The preliminary inventory may be filed under seal if, in the judgment of the Receiver, the

public dissemination of the information contained therein might impede the Receiver's efforts to collect

and marshal the Defendants' Assets.

B.      Within thirty (30) days after the filing of the preliminary inventory, and at regular

intervals of approximately three (3) months thereafter until discharged, the Receiver shall file reports of

his acts and transactions in its official capacity as Receiver.  These reports shall periodically update the

preliminary inventory as new Receivership Property is identified and located.

## XII.   SERVICE OF ORDER

IT IS FURTHER ORDERED that copies of this Order may be served upon Defendants by

electronic service upon their counsel through this Court's CM/ECF system; and also by facsimile

transmission, personal service, overnight delivery, or U.S. Mail, by agents and employees of the FTC,

the Receiver, or any state or federal enforcement agency or by private process server, on

(1) Defendants or any of their agents or employees; (2) any Financial Institution, entity, or person that

holds, controls, or maintains custody, or has held, controlled, or maintained custody of any account or

Asset of Pukke or DebtWorks that is held, jointly or singly: (a) by them, (b) for their benefit, (c) in trust

by or for them, individually or jointly, or (d) under their direct or indirect control; or (3) any other

person or entity that may be subject to any provision of this Order.

## XIII.  MONITORING

IT IS FURTHER ORDERED that the Receiver and the FTC are granted leave, pursuant to

Federal Rule of Civil Procedure 45, to subpoena documents immediately from any Financial Institution,

account custodian, or other entity, including any Financial Institution, account custodian or other entity

(1) listed in the accounting required pursuant to Paragraph II of this Order, (2) receiving repatriated

Assets pursuant to Paragraph IV of this Order, (3) that has held Assets of Defendants since May 17,

2002, or (4) that is subject to Paragraph IX of this Order, concerning the nature, location, status, and

extent of the Defendants' assets and compliance with this Order, and such financial institution, account

custodian or other entity shall respond to such subpoena within five (5) business days after service.

## XIV.  AMERIDEBT TRUSTEE EXCLUSION

IT IS FURTHER ORDERED THAT:

A.      This Order shall not be construed to impose substantive obligations on the AmeriDebt

Trustee or to affect or include property of AmeriDebt's bankruptcy estate, as defined by 11 U.S.C.

§ 541; and

B.      This order shall not be construed to freeze any Asset in the possession, custody or

control of the AmeriDebt Trustee, or to restrict in any way his administration of AmeriDebt's

bankruptcy estate or the disposition including liquidation of its property, including the bankruptcy

estate's accounts with Financial Institutions and its debt management plans.  The powers of the

Receiver provided for in Paragraph VI shall not be construed as powers over the AmeriDebt Trustee.

The AmeriDebt Trustee shall not be required to render account to the Receiver, to retain Assets, or to

repatriate Assets under this order.  The Trustee is free to institute such legal actions as he deems to be

in the best interest of AmeriDebt's bankruptcy estate to determine any liability of Defendants Pukke

and DebtWorks to the bankruptcy estate, and the filing and prosecution of such actions shall not be

deemed to be interference under Paragraph X.

### XV.    CORRESPONDENCE WITH PLAINTIFF

For the purposes of this Order, all correspondence and pleadings to the Commission shall be

addressed to:

> Lucy Morris, Esq.
> Federal Trade Commission
> Via facsimile (202-326-3768) or email (lmorris@ftc.gov)
>
> With confirmation via U.S. mail to:
> 600 Pennsylvania Ave., N.W., Room NJ-3158
> Washington, D.C. 20580
> (202) 326-3295 (voice)

### XVI.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all

purposes.[*]

IT IS SO ORDERED.

April 20, 2005                                     _____/s/_____
                                                   PETER J. MESSITTE
                                                   UNITED STATES DISTRICT JUDGE

---

[*]    A written opinion setting forth the reasons for the Court's decision herein will follow.

I hereby attest and certify on _April 25, 2005_
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody

FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By_____Deputy

Page 20 of 21

## ATTACHMENT A

**Form of Consent to Release of Financial Records**

      I, _____, of the State of _____ in the United States of America, do hereby direct any bank or trust company at which I have a bank account of any kind or at which a corporation or other entity has a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to the said bank accounts to any attorney of the Federal Trade Commission and to the Receiver appointed by the United States District Court for the District of Maryland in the matter of the <u>Federal Trade Commission v. AmeriDebt, Inc. et al.</u>; and to give evidence relevant thereto in such case, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts for which I may be a relevant principal. This consent form is being executed pursuant to court order.

Dated:               _____, 2005

Signature:         _____

Printed full name:     _____

Page 21 of 21